# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| **William D. Neely,** ) | C/A No. 4:07-3600-HMH-TER |
| ) | |
| **Petitioner,** ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Warden, Tyger River Correctional** ) | |
| **Institution,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

Petitioner, William D. Neely ("Petitioner/Neely"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 2, 2007. Respondent filed a motion for summary judgment on April 4, 2008, along with supporting memorandum. The undersigned issued an order filed April 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on a May 9, 2008.

## I. PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the Respondent, other than the issue presented in this petition regarding the condition of the plea that

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

pending charges in other counties would run concurrent to the charges to which he was pleading guilty. Therefore, the undisputed procedural history as set out in Respondent's memorandum will be discussed below.

Petitioner is currently incarcerated in the Tyger River Correctional Institution pursuant to orders of commitment from the Clerk of Court of Anderson County. Petitioner was indicted in Anderson County in June 2002 on two counts of burglary, first degree. (2002-GS-04-1594 and 1596). Fletcher Johnson, Esq., represented Petitioner on the charges. On September 19, 2002, pursuant to negotiations, Petitioner entered a guilty plea to two counts of burglary, second degree, with the recommendation of concurrent sentences of fifteen (15) years. (Sept. 19, 2002 Trans., p. 3). The Honorable Alexander S. Macaulay heard and accepted the plea. The Judge sentenced Petitioner to concurrent fifteen (15) year sentences, gave him credit for 225 days jail time, and put in the sentencing order to also run concurrent "with sentences now serving or pending." (Sept. 19, 2002 Trans., p. 13-14, and Tr. 72). Petitioner did not appeal. On January 10, 2003, Petitioner filed an application for post-conviction relief ("PCR"), and alleged the following ground for relief:

> (a) Sentence in violation of plea agreement with Anderson County Solicitor David Wagner.

(2003 PCR Application, p. 2).

On September 21, 2004, the State made its return to the Application. On May 6, 2005, Petitioner filed an amendment and raised the following additional ground for relief:

> (a) Petitioner contends that he was denied the effective assistance of trial counsel when counsel failed to see that the terms of the plea agreement (He had convienced [sic] Petitioner to accpet [sic]) were not followed through with.

(2005 PCR Amendment).

Raymond MacKay, Esq., represented Petitioner in the action. An evidentiary hearing was held on August 31, 2005, before the Honorable Lee Alford. The PCR judge denied relief at the conclusion of the hearing, (August 31, 2005 Trans., pp. 28-30), and, on November 21, 2005, issued a written order denying relief. Petitioner appealed the denial of relief.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a *Johnson*[2] Petition for Writ of Certiorari in the Supreme Court of South Carolina on April 26, 2006, and raised the following issue for consideration:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(*Johnson* Petition, p. 2).

Appellate counsel also petitioned to be relieved of appointment, expressing his opinion that the appeal was without merit. (*Johnson* Petition, p. 6). The Clerk of the Supreme Court of South Carolina, by letter dated April 27, 2006, advised Petitioner that, pursuant to the *Johnson* review procedure, he was allowed to submit a *pro se* response to the petition. Petitioner filed a *pro se* response on or about May 19, 2006, and raised the following additional issues for consideration:

> Was the entire record considered as provided for in Anderson v. State?
>
> Was petitioner's attorney effective in explaining the consequences of plea agreement and whether plea complied with mansdate set fourth in Boykin v. Alabama? [sic]
>
> Were contractural principals complied with as mandated in the United States Supreme Court in Santobello v. New York and in the 4th Circuit in United States v. Ringling. (2006 *Pro se* Response, Issues

---

[2] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

Presented)(errors in original).

By order dated August 22, 2006, the Supreme Court of South Carolina transferred the case to the Court of Appeals. On August 31, 2007, the South Carolina Court of Appeals denied the petition and granted appellate counsel's petition to be relieved of appointment. The appellate court issued the remittitur on September 18, 2007.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raised the following challenges to his conviction, quoted verbatim:

| | |
|---|---|
| Ground one: | Ineffective Assistance of Plea Counsel |
| Supporting facts: | Had Petitioner known that the fifteen (15) years which he would receive for both indictments aforementioned would not be run concurrent with pending charges as negotiated in the plea agreement, he would never have pled guilty but would have insisted on going to trial, as evidenced by his testimony at the P.C.R. hearing. |
| Ground two: | Involuntary Guilty Plea |
| Supporting facts: | Had petitioner not been promised that the fifteen (15) years sentences would be concurrent to "pending" sentences, petitioner would not have pled guilty. Such promise was never fulfilled by the government. |
| Ground three: | Executing Plea Bargain |
| Supporting facts: | Government failed to fulfill their end of plea bargain with Petitioner as evidenced by guilty plea transcript contrasted with Petitioner's sentences. |

(Habeas Petition).

### III.  SUMMARY JUDGMENT

On April 4, 2008, the Respondent filed a return and memorandum of law in support of their motion for summary judgment.  As stated, Petitioner filed a response in opposition on May 9, 2008.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

5

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Neely filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

## V.  ARGUMENTS/FINDINGS

Petitioner argues that his trial counsel, Fletcher Johnson[3], was ineffective in that he did not inform Petitioner that his pending charges in other counties would not run concurrent to the charge in Anderson County as negotiated in the plea agreement. Petitioner alleges that had he known that any sentence on the other pending charges would not run concurrent with the fifteen years he received for entering the plea, he would not have pleaded guilty. Therefore, Petitioner also argues that his plea was involuntary because he had been promised that the fifteen-year sentence would be concurrent to "pending" sentences and that such promise was never fulfilled by the government.

Respondent argues that Petitioner's entire habeas petition is premised on Petitioner's

---

[3] Trial counsel, Fletcher Johnson, is now deceased.

allegation that his Anderson County sentence was negotiated to require, and did require, that other subsequent sentences imposed by different judges in different counties must be concurrent to the Anderson County sentence. Respondent argues that the issues of ineffective assistance and involuntary plea based on the referenced allegation were raised to and ruled upon by the PCR judge, and, given the full review afforded by the <u>Johnson</u> petition. Respondent argued that the record reflects the PCR judge properly applied federal law to fairly determine facts fully supported by the record.

In his response in opposition, Petitioner argues that during the discussion at the time of his plea, the trial judge "was indecisive as to what his authority was when imposing or accepting the recommendation as to concurrent sentencing in other counties, however to insure performance of the promise by the State he ordered it in the sentencing sheet, which is evidence that the trial court "hoped" he had the authority to impose such after the uncertainty in his statements and taking of petitioner's plea." (Doc. #22). Petitioner argues there was never a clarification as to what authority the trial court had with regard to "imposition of sentencing the petitioner to concurrent terms in other counties no was it ever specifically addressed at that time to the petitioner." (Id.). Petitioner asserts that the sentencing sheet and the ambiguity of the record when imposing sentencing are clearly contradictory to what the terms of the agreement were and to what was evidenced to be a promise, not a recommendation. Petitioner argues that a promise was made that induced him to plead guilty and that the promise was never "fulfilled or was unfulfillable." (Doc. #22).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). In the case of <u>Strickland</u>, <u>supra</u>, the United States Supreme Court set forth two factors

8

that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

The Strickland approach applies in the context of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In Hill, the Supreme Court held that in the plea context, counsel's deficient performance is prejudicial only "if there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007), the Court held that

"[T]his is an objective inquiry, *see Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty. *Hill*, 474 U.S. at 59-60, 106 S.Ct. 366." Meyer v. Branker, 506 F.3d at 369.

A review of the plea transcript reveals that at the beginning of the proceedings, the Assistant Solicitor stated:

> He's charged with two counts of second degree burglary, 2002-1594 and 1596. Your Honor, he's doing time in the Department of Corrections for two years on a probation or parole revocation. We're seeking 15 years straight time. We'd ask that you give him credit for the 225 days he's been in and I ask that if you could run it concurrent. He's got some charges in Greenville and Pickens County that he's got to take care of after leaving. We're seeking to try to get these run concurrent with whatever he gets on those and I don't know how-if there's any way you can word that to where these run concurrent with any other charges.

(Tr. 3).

Assistant Solicitor Wagner again stated 15 years straight time "concurrent with any other charges." Mr. Johnson, trial counsel, also stated to the court concurrent with any other charges. The judge stated that "I can do that I mean as far as current charges but I don't know how it could apply to something coming along." (Plea Tr. 3). Trial counsel stated ". . . all you can do is put it on there and hopefully--" (Plea Tr. 4). The solicitor then stated "We're recommending 15 years on each charge to run concurrent with each other and with anything he might receive later. I understand your problem with that, Judge. We're just trying to help him out as far as running stuff concurrent over there." (Plea Tr. 4). The Court then stated that the plea he was entering would "take care of Anderson County" and that he would need "to stay in touch with Mr. Johnson or have whoever represents him in these other–" (Plea Tr. 4). During the plea, Petitioner stated to the court that he

10

was guilty of the crimes charged and that if he went to trial he believed that he would be convicted. The Judge asked Petitioner if he understood that the negotiations was a "recommended sentence of 15 years to run concurrent, both indictments." Petitioner stated "yes, sir." (Plea Tr. 10). Furthermore, Petitioner was asked if anyone promised him anything or held out any hope of reward to get him to plead guilty and Petitioner responded "no, sir." Further, Petitioner was given the chance to ask any questions of the Judge but stated that he had nothing to ask. (Plea Tr. 11). Trial counsel stated to the court that there had been extensive negotiations in that Petitioner was originally charged with burglary first which had been negotiated down to burglary second where the maximum would be 15 years instead of the minimum. Attorney Johnson also stated that "Mr. Neely says he thanks the assistant solicitor for doing that and we'd ask the Court to accept the recommendation." (Plea Tr. 13). The Judge stated that Mr. Neely be committed to the State Department of Corrections for a term of 15 years. Indictment Number 2002-GS-04-1596, the sentence of the Court the Defendant be committed to the State Department of Corrections for a term of 15 years. Both sentences to run concurrent with each other and sentences now serving or pending." (Plea Tr. 13-14). The Judge also stated that he was to be given credit for 225 days.

A review of the PCR transcript reveals the PCR judge concluded the following with regard to the ineffective assistance of counsel issue:

> The allegation that the Applicant's guilty plea was rendered involuntary due to ineffective assistance of counsel is without merit. This Court finds that the Applicant's testimony regarding the deficiencies of his former counsel's representation was not credible. Moreover, the Applicant's testimony regarding alleged promises by the Assistant Solicitor was not credible. Specifically, the Applicant's testimony that he believed that these Anderson sentences would run concurrent with his pending burglary charges in Pickens and Greenville Counties was not credible.

11

> This Court notes that Mr. Johnson, the Applicant's former counsel, is deceased. However, this Court finds that the Assistant Solicitor's testimony concerning these matters was credible. Mr. Wagner testified that Mr. Johnson had negotiated a deal in which the first-degree burglaries would be reduced to second-degree burglaries with a recommendation for 15 years concurrent on these two burglaries. Mr. Wagner also testified that he never made any promises that the other counties would run his future sentences concurrent with these Anderson sentences. Mr. Wagner explained that he and Mr. Johnson talked with the Applicant together before the plea and made it clear to the Applicant that it was only a possibility that the other counties would go along with Judge Macaulay's recommendation and that it was not binding. According to Mr. Wagner, there was also overwhelming evidence of guilt on these two burglary first-degree charges, including two written confessions given by the Applicant.
>
> This Court finds that the guilty plea transcript, as well as the Assistant Solicitor's testimony, conclusively show that the Applicant was advised of and understood the consequences of his guilty plea, his Constitutional rights, and the possible sentences. The plea transcript reflects that the Applicant was present when Judge Macaulay stated he did not have the authority to bind another judge at future sentencing. GP Tran., pp. 3-4. Moreover, the Applicant was told that counsel "hoped" other judges would follow it but it was merely a recommendation. GP. Tran. Pp. 4, lines 2 &25. Therefore, this Court finds that the Applicant was aware when he pled guilty that there was only a possibility that the future sentences in other counties would be run concurrent with these Anderson sentences.
>
> Therefore, this Court finds that the Applicant failed to carry his burden of proof to show ineffective assistance of counsel. Specifically, this Court finds that counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney. Strickland v. Washington; Hill v. Lockhart. This Court further finds the Applicant also failed to prove that but for counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. Roscoe v. State. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. Boykin v. Alabama; Pittman v. State. Accordingly, this claim is denied and dismissed with prejudice.
>
> As to any and all allegations which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such claims and failed to meet his burden of proof regarding them. Accordingly, they are also dismissed with prejudice.

(PCR Order of Dismissal).

The undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. Based on the transcript from the plea, the Judge stated in open court that he could order that the current charges run concurrent but did not know how it could apply to "something coming along." Trial counsel then stated to the Judge that all the Judge could do was put it in the order and "hopefully all he'll have to tell them is to pull his old sentence sheet and it will state that." (Plea Tr. 5). Further, the transcript as set out above reveals that Assistant Solicitor Wagner stated to the court that they were "seeking to try to get these run concurrent with whatever he gets on those and I don't know how-if there's any way you can word that to where these run concurrent with any other charges." (Plea Tr. 3). The plea judge stated in court that he could run the current charges concurrent but did not know how it could apply to something coming along. Petitioner was given the opportunity to ask the plea judge any question but stated that he had none. He was also questioned by the judge as to whether or not he understood that the recommended sentence was for 15 years to run concurrent, both indictments and Petitioner stated that he understood. (Plea Tr. 9-10).

A review of the PCR transcript reveals that Assistant Solicitor Wagner testified that he had discussion with Petitioner's trial counsel, Fletcher Johnson[4], and Petitioner about the plea agreement and that it was made clear to Petitioner that no order was binding on another judge in another county in regard to making any future pending charges run concurrent. The Assistant Solicitor, David Wagner, also testified that he and Mr. Johnson explained to Petitioner that it was only a recommendation because they did not know if the Judge could issue an order to that affect because

---

[4] Mr. Johnson did not testify at the PCR hearing as he was deceased.

13

they had no control over the other counties and had nothing other than just the hope that they would agree to run the sentences concurrent. Petitioner has failed to show attorney error.

Even assuming, *arguendo,* that Petitioner's counsel was found to be ineffective with respect to these issues, Petitioner has not shown prejudice. Petitioner cannot demonstrate that he would have insisted on going to trial had he known that it was only a recommendation by the court that any sentence on the pending charges in Greenville and Pickens counties would not run concurrent to the sentence in Anderson County and that a judge in those counties did not have to follow the recommendation. Based on the testimony of Assistant Solicitor Wagner at the PCR hearing, Petitioner was facing life, they had two written confessions, and a "jam-up case" on a burglary first. (Tr. 47). At the time of the plea, Assistant Solicitor Wagner stated to the court that petitioner had given two written statements confessing to the burglaries. (Plea Tr. 12). Petitioner's attorney confirmed at the time of the plea that he felt the State could produce sufficient evidence to establish Petitioner's guilt beyond a reasonable doubt and that if he stood trial he most probably would be found guilty based on his investigation of the facts and circumstances of each of the cases. (Plea Tr. 6). At the time of the plea, Petitioner stated that he broke into the dwellings of Christy Alexander and Sherry Goren and stole items out of their houses. Further, Petitioner stated that he believed he would be convicted if he stood trial.[5] Petitioner entered into a plea agreement whereby his burglary first was reduced to a burglary second, the two indictments for burglary would run concurrent to each other and concurrent to his probation violation, and Petitioner was given credit for the 225 days he

---

[5] In evaluating a post-guilty plea claim of ineffective assistance, statements made previously under oath during the original plea hearing are binding on the Petitioner absent "clear and convincing evidence to the contrary." Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995) (citing Blackledge v. Allison, 431 U.S. 63, 74-75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

had been in jail for the violation. Thus, Petitioner entered a plea and received a straight fifteen years on the charges in Anderson County and credit for jail time served when he faced the possibility of a life sentence if convicted by a jury. Thus, it is unlikely that Petitioner would have gone to trial, even if he understood, as he alleges he did not, that it was only a recommendation by the court that the Anderson sentence run concurrent with any pending charges in the other counties. Petitioner has not shown that an objective defendant would have insisted on going to trial under the same circumstances. See Meyer v. Branker, supra. Therefore, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted.

It is not clear what Petitioner is requesting in Ground three of his habeas petition. It appears that he is requesting that the sentences ordered from different counties be made to run concurrent to the sentences imposed by Anderson County pursuant to the sentencing order issued by Judge Macaulay.  First, this issue is procedurally defaulted as it was not raised or ruled upon in his PCR hearing as he only raised ineffective assistance of counsel and involuntary plea. As set out in § 2254, Petitioner is required to present any claim he has to the state courts before he can proceed on the claim in this court.  Second, even if this issue was reviewed on the merits, it is recommended that it be dismissed. As previously discussed, the record supports the PCR court's holding that there was no evidence of a specific promise that all future sentences from all counties would run concurrent to the Anderson County sentence and that decision is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. Thus, there is no agreement with regard to this issue to enforce. It is recommended that this ground be dismissed as procedurally defaulted or, in the alternative, dismissed for lack of merit.

## VI.  CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #17) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 18, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**